UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.     5:24-cv-02527-PA-AJR                               Date:  January 10, 2025
                                                                                          Page 1 of 4

Title:      Divine Son Irvis v. Israel Jacquez, Warden

DOCKET ENTRY:   **ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED FOR LACK OF JURISDICTION**

PRESENT:

**HONORABLE A. JOEL RICHLIN, UNITED STATES MAGISTRATE JUDGE**

| Claudia Garcia-Marquez | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

ATTORNEYS PRESENT FOR PETITIONER:          ATTORNEYS PRESENT FOR RESPONDENT:

         None Present                                                           None Present

**PROCEEDINGS:  (IN CHAMBERS)**

On September 13, 2024, Petitioner Divine Son Irvis ("Petitioner"), a federal prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus by a Person in Federal Custody pursuant to 28 U.S.C. § 2241 (the "Petition") in the U.S. District Court for the District of Oregon.  (Dkt. 1.)  Petitioner named as Respondent the then-Warden of FCI Sheridan located in Sheridan, Oregon, Israel Jacquez.  (Id.)  At the time the Petition was filed, Petitioner was incarcerated (and still is) at FCI Victorville Medium II, located in Adelanto, California.  (Id. at 1.)

On November 21, 2024, the U.S. District Court for the District of Orgon issued an Order transferring the action to the U.S. District Court for the Central District of California because Petitioner was (and still is) incarcerated in the Central District of California.  (Dkt. 4.)  Indeed, the Ninth Circuit has held that a habeas petition filed pursuant to 28 U.S.C. § 2241 generally must be filed in the judicial district where the petitioner is incarcerated.  See, e.g., Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir. 2000).  A Section 2241 habeas petition must also name as respondent the warden of the

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No.     5:24-cv-02527-PA-AJR                              Date: January 10, 2025
                                                                Page 2 of 4

Title:       Divine Son Irvis v. J. Doerer, Warden

---

facility where the petitioner is incarcerated. See, e.g., Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004). Here, because Petitioner failed to name the warden of FCI Victorville Medium II as respondent, the Court lacks jurisdiction over the Petition. See, e.g., Doe v. Garland, 109 F.4th 1188, 1193 (9th Cir. 2024) ("Doe's failure to name his immediate custodian, the warden of GSA, as respondent to his habes petition, as well as his failure to file his petition in the district of confinement, renders the district court's exercise of jurisdiction improper.").

Thus, it appears that this action is subject to dismissal without prejudice for lack of jurisdiction. Of course, Petitioner can file an amended petition naming the warden of FCI Victorville Medium II as respondent and the Court will grant Petitioner the opportunity to do so. **Petitioner is expressly warned that if he does not file an amended petition naming as respondent the warden of the facility where he is incarcerated, then the Court will recommend that the action be dismissed without prejudice for lack of jurisdiction.**

Turning to the merits of the Petition, it also appears that the Court lacks jurisdiction over Petitioner's claims. "Section 2241 embodies the traditional writ of habeas corpus, permitting an individual to challenge the legality of his custody . . . ." Woods v. Carey, 525 F.3d 886, 889 n.2 (9th Cir. 2008). Section 2241 permits a prisoner to challenge the manner in which the BOP is executing their sentence. See, e.g., Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990). To receive relief under 28 U.S.C. § 2241, a prisoner in federal custody must show that his sentence is being executed in an illegal, but not necessarily unconstitutional, manner. See, e.g., Clark v. Floyd, 80 F.3d 371, 372, 374 (9th Cir. 1995) (contending that time spent in state custody should be credited toward federal custody); Brown, 610 F.2d at 677 (challenging the content of an inaccurate pre-sentence report used to deny parole).

Here, Petitioner contends that his release to a halfway house is being delayed by a fictitious "FBI Referral." (Dkt. 1 at 6.) Petitioner seeks an order compelling Respondent to provide proof that the "FBI Referral" exists and to provide the legal basis to deny release to a halfway house. (Id. at 8.) However, the determination of whether an inmate is

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.   5:24-cv-02527-PA-AJR | Date:  January 10, 2025 |
| | Page 3 of 4 |

Title:    <u>Divine Son Irvis v. J. Doerer, Warden</u>

---

eligible for placement in a halfway house is within the sole discretion of the Bureau of Prisons ("BOP").  <u>See, e.g.</u>, <u>Reeb v. Thomas</u>, 636 F.3d 1224, 1228 (9th Cir. 2011) ("[W]e hold that federal courts lack jurisdiction to review the BOP's individualized RDAP determinations made pursuant to 18 U.S.C. § 3621, such as Reeb's claim herein."); <u>Mohsen v. Graber</u>, 583 F. App'x 841, 842 (9th Cir. 2014) (applying <u>Reeb</u> in the context of individualized determination concerning eligibility for residential reentry center under § 3621).  Thus, the Court lacks jurisdiction to review the BOP's discretionary housing determinations.

However, the Ninth Circuit has also recognized that the statute governing BOP determinations related to residential reentry programs such as halfway houses, 18 U.S.C. § 3621, mandates that the BOP consider five statutory factors when making a housing determination.  <u>See</u> <u>Rodriguez v. Smith</u>, 541 F.3d 1180, 1187 (9th Cir. 2008).  Thus, the Ninth Circuit held that Courts have limited jurisdiction to consider whether the BOP at least considered the five statutory factors when making an individualized housing determination.  <u>See</u> <u>id.</u> at 1187 ("This failure to consider the five statutory factors when considering eligibility for placement in or transfer to a [halfway house] violates Congress's clear intent that each of these factors be applied in making inmate transfer or placement determinations to '*any* available penal or correctional facility.' 18 U.S.C. § 3621(b).").

The Court notes that Petitioner already has a separate habeas action pending in this district, EDCV 24-1708-PA-AJR, that challenges whether the BOP considered the five statutory factors and seeks an order compelling the BOP to release Petitioner to a halfway house.  In that separate action, this Court has issued a Report and Recommendation concluding that the BOP actually did consider the five statutory factors and recommended release to a halfway house. (Case No. EDCV 24-1708-PA-AJR, Dkt. 18 at 11-12.)  In the Report and Recommendation, the Court concluded that it lacked jurisdiction to grant the relief requested and that the Petition was unexhausted so also subject to dismissal without prejudice on that basis as well.  (<u>See</u> <u>id.</u> at 8, 13.)  For all the same reasons in this action, the Court appears to lack jurisdiction to grant the relief Petitioner is seeking.  Ultimately, Petitioner wants to compel the BOP to release him to a halfway house. (Dkt. 1 at 8.)  The

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.    5:24-cv-02527-PA-AJR | Date: January 10, 2025 |
| | Page 4 of 4 |

Title:    Divine Son Irvis v. J. Doerer, Warden

---

Court simply does not have jurisdiction to grant that form of relief. Accordingly, this action appears subject to dismissal for lack of jurisdiction.

      Petitioner is therefore **ORDERED TO SHOW CAUSE,** by **February 7, 2025**, why this action should not be dismissed for lack of jurisdiction. **Petitioner may satisfy this Order by filing a declaration, signed under penalty of perjury, setting forth any reason why this Court has jurisdiction to consider Petitioner's claims in the Petition. Petitioner must also file an amended petition by February 7, 2025, that names as respondent the warden of the facility where he is incarcerated. A form habeas petition is attached for Petitioner's convenience.**

      **Petitioner is expressly warned that failure to timely file a response and amended petition in compliance with this Order may result in a recommendation that this action be dismissed without prejudice for his failure to comply with Court orders and failure to prosecute. See Fed. R. Civ. P. 41(b).** Petitioner is further advised that if he no longer wishes to pursue this action, he may voluntarily dismiss it by filing a Notice of Dismissal in accordance with Federal Rule of Civil Procedure 41(a)(1). **A form Notice of Dismissal is attached for Petitioner's convenience.**

      IT IS SO ORDERED.

Attachment:
CV-09, Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c).
CV-27, Petition for Writ of Habeas Corpus by a Person in Federal Custody (28 U.S.C. § 2241).